**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-22-CR-229(1)-KC** |
| | § | |
| **(1) JOHN MICHAEL CONNELLY** | § | |

## ORDER

On this day, the Court considered Defendant John Connelly's Motion to Dismiss Indictment ("Motion"), ECF No. 128. Connelly argues that the sole statute under which he has been indicted, 18 U.S.C. § 922(g)(3), is both facially unconstitutional and unconstitutional as applied to him. Mot. ¶ 5. Connelly argues that § 922(g)(3) "violates the Second Amendment . . . because historical traditions do not support prohibiting persons who are accused of being a 'user of a controlled substance' from possessing firearms." Mot. ¶ 5. Connelly relies largely on *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023). *See generally* Mot.

## I.   BACKGROUND

The following facts are taken from the Complaint, ECF No. 3, and the Court expresses no opinion as to their veracity. On December 28, 2021, police officers from the El Paso Police Department ("EPPD") were dispatched to a residence after a 911 call was placed reporting a violent conflict between Connelly and a neighbor. Compl. ¶¶ 5–6. The 911 dispatcher informed the responding officers that Connelly "was threatening the victim with a machete, demanding the victim [ ] apologize to Connelly's wife." Compl. ¶ 6. When the officers arrived, "they heard several shots and observed Connelly with a shotgun at the victim's front door." *Id.* Although the officers saw the final muzzle flash, they could not see the door. *Id.* The officers then "ordered Connelly to drop the firearm," and Connelly complied. *Id.* Connelly then attempted to

return to his home "but was taken into custody at his front door." *Id.* When officers performed a pat-down, they discovered that Connelly was carrying a second firearm. *Id.*

Based on information obtained during prior interactions with Connelly, the officers had reason to believe "that there were several firearms and other weapons in the residence." Compl. ¶¶ 6–7. So, after arresting Connelly, the officers "conducted a safety sweep of Connelly's residence because they believed that a second resident of Connelly's house . . . who may have been involved in the incident, was inside the residence" and "believed that they could not conduct their investigation safely without clearing the" home of any occupants. Compl. ¶ 6. Upon entering the home, officers discovered "what appeared to be a homemade marihuana greenhouse" and found the house "in disarray with [unsecured] firearms, ammunition, and other weapons throughout the residence." Compl. ¶¶ 8–9. The home also smelled strongly of marihuana. Compl. ¶ 8.

Officers spoke to Connelly's wife, who was also charged in connection to the incident, and she informed them that "Connelly and the victim had been 'smoking crack' together the night before, and that her husband had been using 'crack' recently." Compl. ¶ 10. Connelly's wife also informed officers that Connelly "had been using crack cocaine and cocaine with their neighbor, and smokes marihuana in their home." Compl. ¶ 11.

Officers from EPPD and the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") executed search warrants on the home, where they seized seven firearms, a variety of drug paraphernalia, and drugs, including marihuana, marihuana extract products, and psilocybin. Compl. ¶¶ 12–13.

On March 2, 2022, Connelly was indicted on one count for possession of a firearm and ammunition by an unlawful user of a controlled substance in violation of 18 U.S.C. § 922(g)(3).

Indictment 1, ECF No. 18.  Connelly filed this Motion on March 1, 2024.  The Government filed a Response, ECF No. 130, to which Connelly filed a Reply, ECF No. 131.

## II.     STANDARD

Federal Rule of Criminal Procedure 12 allows a party to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."  Fed. R. Crim. P. 12(b)(1).  Under this Rule, a defendant may allege pretrial that there is "a defect in the indictment," such as "failure to state an offense."  Fed. R. Crim. P. 12(b)(3)(B)(v).  "The propriety of granting a motion to dismiss an indictment . . . by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact."  *United States v. Valencia*, No. 17-CR-882-DAE(1)(2), 2018 WL 6182755, at *2 (W.D. Tex. Nov. 27, 2018) (quoting *United States v. Flores*, 404 F.3d 320, 324 (5th Cir. 2005)).  A court may rule on a pretrial motion to dismiss all or part of an indictment when the indictment's alleged infirmity "is essentially one of law."  *United States v. Guthrie*, 720 F. App'x 199, 201 (5th Cir. 2018) (quoting *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011)).  But motions to dismiss that require the Court to weigh evidence are not appropriate for pretrial resolution "because weighing the evidence is the function of the jury."  *United States v. Jackson*, No. 13-cr-131, 2014 WL 1664901, at *2 (E.D. La. Apr. 25, 2014) (citing *United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975)).

## III.    ANALYSIS

Connelly argues that the firearms statute under which he is charged is unconstitutional—both on its face and as applied—under the Second Amendment of the United States Constitution,

following *Bruen*.[1]  Mot. ¶ 5 (citing 142 S. Ct. 2111).  "When a litigant brings both as-applied and

facial challenges, [courts] generally decide the as-applied challenge first because it is the

narrower consideration."  *Buchanan v. Alexander*, 919 F.3d 847, 852 (5th Cir. 2019) (citation

omitted);  *see also Bd. of Trustees of State Univ. of N.Y. v. Fox*, 492 U.S. 469, 484–85 (1989).

Thus, the Court first considers whether § 922(g)(3) is constitutional as applied to Connelly.

After *Bruen*, the Fifth Circuit held § 922(g)(3) unconstitutional as applied to a defendant

who admitted to using marijuana "'approximately fourteen days out of a month.'"  *United States

v. Daniels*, 77 F.4th 337, 339–40 (5th Cir. 2023).  Even as an illegal drug user, Daniels was

deemed "a member of our political community," and thus had "a presumptive right to bear

arms."  *Id.* at 342.  Because § 922(g)(3) permanently prohibited Daniels from possessing a

firearm, the law "infring[ed] on that right," thereby "contradict[ing] the plain text of the Second

Amendment."  *Id.* at 341–42.  And because the government did not establish a historical tradition

of prohibiting possession of firearms by individuals like Daniels—a nonviolent, "regular" illegal

drug user who was not shown to be intoxicated at the time of his arrest—the law was found

unconstitutional as applied to Daniels.  *Id.* at 340, 347–50; *see id.* at 354 ("And § 922(g)(3) is not

limited to those with a history of violent behavior—not all members of the set of 'drug users' are

violent.  As applied in this case, the government has not shown how Daniels's marihuana use

predisposes him to armed conflict or that he has a history of drug-related violence.").  The Fifth

Circuit "conclude[d] [ ] by emphasizing the narrowness of [its] holding"—the court did "not

invalidate [§ 922(g)(3)] in all its applications, but, importantly, only as applied to Daniels."  *Id.*

---

[1] For a full discussion of the law under *Bruen* and its progeny, see *United States v. Connelly*, 668 F. Supp. 3d 662, 668–71 (W.D. Tex. 2023), and *United States v. Sing-Ledezma*, No. 23-cr-823(1)-KC, 2023 WL 8587869, at *2, *6–7 (W.D. Tex. Dec. 11, 2023).

at 355.  Under different circumstances, *Daniels* suggests, § 922(g)(3) may be constitutional as applied.  *See id.* at 348, 350, 353–55.

Here, the Complaint Affidavit contains some indications that Connelly may have been intoxicated at the time of the incident.  *See* Compl. ¶¶ 8, 10–12; Resp. 15 ("These allegations strongly support an inference that Defendant used illegal drugs *while possessing firearms*." (emphasis in original)).  When officers entered the home, they noticed a strong marihuana odor and discovered drugs and drug paraphernalia throughout the home.  Compl. ¶¶ 8, 12.  Connelly's wife also informed officers that Connelly had recently been using crack cocaine, smoked crack cocaine the night before the incident, and smoked marihuana in the home.  Compl. ¶¶ 10–11. And regardless of whether he was intoxicated or sober at the time of the offense, the Government certainly alleges that Connelly was acting dangerously and violently:  the 911 dispatcher informed officers that Connelly was reportedly threatening the neighbor with a machete, and when officers arrived, they observed Connelly firing a shotgun at his neighbor's front door. Compl. ¶ 6.

For his part, Connelly disputes the Government's allegations regarding his drug use and violence.  Mot. 1 n.1; Reply ¶¶ 12–14.  Therefore, fact disputes remain as to whether Connelly was intoxicated at the time of the incident, made dangerous by his drug use, or had "a history of drug-related violence."  *See Daniels*, 77 F.4th at 348, 350, 354–55 (citations omitted). These are the very considerations on which Connelly's as-applied challenge depends.  *See id.*  And because the Court cannot invade the province of the jury to resolve such disputes of fact, the Court cannot determine, at this stage, whether § 922(g)(3) is unconstitutional as applied to Connelly.  *See United States v. Perry*, No. 22-cr-1300, 2023 WL 7185622, at *3 (S.D. Tex. Nov. 1, 2023)

(denying motion to dismiss § 922(g)(3) charge because it would require the Court to resolve a dispute over "whether Defendant was actually intoxicated when he was stopped").

Nor can the Court conclude that § 922(g)(3) is unconstitutional on its face. To "succeed in a facial challenge," the challenger must "'establish[] that no set of circumstances exists under which the Act would be valid,' *i.e.*, that the law is unconstitutional in all of its applications." *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 443, 449 (2008) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987))). *Daniels* explicitly stated that its holding did "not invalidate the statute in all its applications." 77 F.4th at 355. Instead, the court found § 922(g)(3) unconstitutional as applied to Daniels, and offered examples of factual allegations that may allow § 922(g)(3) to survive an as-applied challenge based on the historical laws cited by the Government. *Id.* at 348, 350, 354–55.

Connelly does not address *Daniels*, which is binding authority, in his Motion. However, he appears to concede that the law may be constitutionally applied under some circumstances— just not to *his* circumstances:

> The only restriction consistent with this nation's historical tradition of firearm regulation is for an individual presently under the influence, and there is nothing to suggest that Connelly was presently under the influence when he was arrested and no support to substantiate any presumption that he was under the influence based on his pattern of drug use.

Reply ¶¶ 5, 16.

As discussed, *Daniels* strongly intimates that not only those who are actively intoxicated, but also those who are rendered dangerous or violent by their drug use, may be prohibited from possessing firearms without running afoul of the Second Amendment. 77 F.4th at 348, 350, 354–55. Thus, because Connelly has not shown that § 922(g)(3) "is unconstitutional in all of its

applications," Connelly's facial challenge also fails.  *Wash. State Grange*, 552 U.S. at 449; *see Ams. for Prosperity Found. v. Bonta*, 141 S. Ct. 2373, 2387 (2021); *Salerno*, 481 U.S. at 745.

## IV.    CONCLUSION

Accordingly, Connelly's Motion to Dismiss Indictment, ECF No. 128, is **DENIED**.

**SO ORDERED.**

SIGNED this 2nd day of April, 2024.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE